DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, setting child support.
 {¶ 2} When appellee, James L. Myers, and appellant, Tina M. DeVore (fka Myers), were divorced in 1995, the couple agreed to a shared parenting plan in which appellant was designated the residential parent for their son. Appellant subsequently remarried.
 {¶ 3} On Christmas Eve 1997, appellant and her new husband were involved in a automobile accident. Appellant was seriously injured and remained comatose for several months. Appellant eventually regained consciousness, but was confined to a wheelchair with a limited ability to move or communicate. Today, appellant's condition is the same.
 {¶ 4} Following the accident in which appellant was injured, appellee took temporary custody of their child. In 1998, appellee moved to be designated his son's residential parent, but the trial court denied the motion, continuing appellee's status as temporary custodian. Following further proceedings, on June 9, 1999, the court designated appellee his son's residential parent. At that time, the court ordered that both parties submit child support worksheets.
 {¶ 5} The child support issue remained unresolved for some time. In the meanwhile, appellant reached a settlement agreement with the driver who caused the accident in which she was injured. With the proceeds of the settlement, appellant's father established a "special needs trust," pursuant to42 U.S.C. 1396p(d)(4)(A).
 {¶ 6} On November 2, 2005, appellee reasserted his claim for child support for his now 16-year-old son. Appellee asked the court to refer the matter to the Wood County Child Support Enforcement Agency ("CSEA") for computation of an award and that the award be made retroactive to March 26, 1998, the date when appellee first moved for reallocation of parental rights. The court referred the matter to CSEA.
 {¶ 7} On January 6, 2006, CSEA recommended that a monthly child support obligation of $238.91, plus administrative fees, be established effective March 26, 1999. Appellant opposed the award and requested a hearing.
 {¶ 8} The matter was eventually submitted to the court on briefs concerning the treatment of $19,884 withdrawn from appellant's special needs trust in 2005. Appellant argued that because the sum was a distribution from a federally sanctioned shelter, its principal and income should not be included in appellant's gross income for a child support award calculation. Appellee argued that distributions from the trust satisfied the broad definition of gross income stated in R.C. 3119.01(C)(7). Trust income, social security benefits and non-means tested disability benefits are expressly included under the statute, appellee insisted. Moreover, according to appellee, Ohio courts have also held that personal injury insurance settlement proceeds are within the definition of gross income for child support computation.
 {¶ 9} On these submissions, the trial court concluded that the trust fund distribution could be considered in child support calculations. The court awarded the CSEA recommended amount, but limited its retroactive application to January 1, 2006. From this judgment, appellant now brings this appeal.
 {¶ 10} In two assignments of error, appellant suggests (1) that the trial court erred "when it determined that the special needs trust * * * is attachable as child support," and (2) in finding that the child is in the custody of his father.
 I. Special Needs Trust {¶ 11} Appellant insists that a distribution from a special needs trust is not, as a matter of law, an item which should be included in "gross income" for computation of child support obligations. She points out that the trust is a federally sanctioned device to shelter funds from being included as countable assets for purposes of Medicaid eligibility and argues they should be afforded the same protection by the state.
 {¶ 12} Appellee maintains that distributions from the special needs trust fall within the broad statutory definition of "gross income." Moreover, according to appellee, personal injury settlements have been held to be income for child support purposes. Since the funding source of the trust is a personal injury settlement, calling it something else to shelter it from a parent's obligation to her child would be inequitable.
 {¶ 13} Both parties direct our attention to R.C. 3119.01. Appellee cites the first paragraph of R.C. 3119.01(C)(7) which provides:
 {¶ 14} "(7) `Gross income' means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits thatare not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; * * * and all other sources of income." (Emphasis added.)
 {¶ 15} On its face, appellee maintains that the $19,884 at issue is income from a trust or a disability benefit without a means test. As such, appellee insists, it is income expressly included in the broad statutory definition of "gross income."
 {¶ 16} Appellant points to the second paragraph of R.C.3119.01(C)(7) in support of her position. That part states:
 {¶ 17} "`Gross income' does not include any of the following:
 {¶ 18} "(a) Benefits received from means-tested government administered programs, including Ohio works first; prevention, retention, and contingency; means-tested veterans' benefits; supplemental security income; food stamps; disability financialassistance; or other assistance for which eligibility is determined on the basis of income or assets;
 {¶ 19} "(b) Benefits for any service-connected disability * * *
 {¶ 20} "(c) Child support received for children who were not born or adopted during the marriage at issue;
 {¶ 21} "(d) Amounts paid for mandatory deductions from wages such as union dues but not taxes, social security, or retirement in lieu of social security;
 {¶ 22} "(e) Nonrecurring or unsustainable income or cashflow items;
 {¶ 23} "(f) Adoption assistance and foster care maintenance * * *." (Emphasis added.)
 {¶ 24} The trust from which income is here at issue was established pursuant to 42 U.S.C. § 1396p(d)(4)(A). The law creates an exception to the rule that trust assets distributable to a beneficiary are counted as available assets for the purposes of determining Medicaid eligibility under Title XIX of the Social Security Act. In the Matter of Watkins (1997),24 Kan.App.2d 469, 471-472. Pursuant to the provision, if a parent or guardian establishes a trust for a disabled person under age 65 and the trust instrument provides that the residue of the trust, if any, goes to reimburse the state's Medicaid costs upon the beneficiary's death, such assets are exempt from the general rule. Id. at 473. In Ohio, this exception is codified at Ohio Adm. Code 5101:1-392-7:1(C)(3)(a). The trust here complies with these requirements.
 {¶ 25} The effect of the federal provision on state Medicaid rules is not clear. Cf. In the Matter of Watkins, supra, at 473, with In the Matter of Rosenbaum, 8th Dist. No. 81213, 2003-Ohio-1830, at ¶ 14. Nevertheless, we find no authority that a special needs trust supercedes or in any other way influences areas of the law outside Medicaid. Absent an express statutory exemption, we must conclude that income from a special needs trust is "trust income" and, as such, is expressly included in "gross income" for purposes of child support computations by R.C.3119.01(C)(7). Accordingly, appellant's first assignment of error is not well-taken.
 II. Custody {¶ 26} In the final paragraph of her memorandum in opposition before the trial court, appellant stated, "Finally, Plaintiff/Obligee seeks child support for a child for whom he is not the residential parent, as [his son] resides with his aunt." On appeal, appellant complains that the trial court erred in failing to find that the child no longer resides with his father.
 {¶ 27} Even when an issue is under active consideration, bare assertions in a legal memorandum are insufficient to determine a matter for which proof is required. See, e.g., Civ.R. 56(E). Here, there is absolutely nothing in competent evidence of record to suggest that custody of the child at issue had changed. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 28} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Parish, J. concur.